JUDGE SEIBEL          11 CIV 5235

## IN THE UNITED STATES DISTRICT COURT
### FOR THE
### SOUTHERN DISTRICT OF NEW YORK

PAUL AIOLA,                            )
                                       )
     Plaintiff              )
                                       )
     v.                     )   **Case No.:**
                                       )
NELSON, WATSON & ASSOCIATES,           )   **COMPLAINT AND DEMAND FOR**
LLC,                                   )   **JURY TRIAL**
                                       )
     Defendant              )   **(Unlawful Debt Collection Practices)**

## COMPLAINT

PAUL AIOLA ("Plaintiff"), by his attorneys, KIMMEL & SILVERMAN, P.C., alleges the following against NELSON, WATSON & ASSOCIATES, LLC ("Defendant"):

## INTRODUCTION

1.    Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA").

## JURISDICTION AND VENUE

2.    Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy," and 28 U.S.C. § 1331 grants this court original jurisdiction of all civil actions arising under the laws of the United States.

3.    Defendant conducts business in the State of New York and therefore, personal jurisdiction is established.

- 1 -

4.      Venue is proper pursuant to 28 U.S.C. § 1391(b)(2).

5.      Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202.

## PARTIES

6.      Plaintiff is a natural person residing in Old Bethpage, New York, 11804.

7.      Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

8.      Defendant is a national debt collection company with corporate headquarters located at 80 Merrimack Street, Lower Level, Haverhill, Massachusetts, 01830.

9.      Defendant is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6), and repeatedly contacted Plaintiff in an attempt to collect a debt.

10.     Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## PRELIMINARY STATEMENT

11.     The Fair Debt Collection Practices Act ("FDCPA") is a comprehensive statute, which prohibits a catalog of activities in connection with the collection of debts by third parties. See 15 U.S.C. § 1692 et seq. The FDCPA imposes civil liability on any person or entity that violates its provisions, and establishes general standards of debt collector conduct, defines abuse, and provides for specific consumer rights. 15 U.S.C. § 1692k. The operative provisions of the FDCPA declare certain rights to be provided to or claimed by debtors, forbid deceitful and misleading practices, prohibit harassing and abusive tactics, and proscribe unfair or unconscionable conduct, both generally and in a specific list of disapproved practices.

- 2 -

12.     In particular, the FDCPA broadly enumerates several practices considered contrary to its stated purpose, and forbids debt collectors from taking such action. The substantive heart of the FDCPA lies in three broad prohibitions. First, a "debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." 15 U.S.C. § 1692d. Second, a "debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e. And third, a "debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt." 15 U.S.C. § 1692f. The FDCPA is designed to protect consumers from unscrupulous collectors, whether or not there exists a valid debt, broadly prohibits unfair or unconscionable collection methods, conduct which harasses, oppresses or abuses any debtor, and any false, deceptive or misleading statements in connection with the collection of a debt.

13.     In enacting the FDCPA, the United States Congress found that "[t]here is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors," which "contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." 15 U.S.C. § 1692a. Congress additionally found existing laws and procedures for redressing debt collection injuries to be inadequate to protect consumers. 15 U.S.C. § 1692b.

14.     Congress enacted the FDCPA to regulate the collection of consumer debts by debt collectors. The express purposes of the FDCPA are to "eliminate abusive debt collection practices by debt collectors, to insure that debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." 15 U.S.C. § 1692e.

**FACTUAL ALLEGATIONS**

15.     At all relevant times, Defendant was attempting to collect a consumer debt from Plaintiff for a credit card used for personal expenses.

16.     The alleged debt at issue arose out of transactions, which were primarily for personal, family, or household purposes.

17.     Beginning in or around December 2010 and continuing through April 2011, Defendant made continuous and repeated calls to Plaintiff's cellular in an attempt to collect a consumer debt from Plaintiff.

18.     Defendant and its employee identified as "Steve Wilson," harassed Plaintiff in an attempt to collect the alleged debt.

19.     Defendant intentionally wanted to harm Plaintiff and cause injury, stress, fear and humiliation, believing that to do so would substantially increase the likelihood of the debt being paid by Plaintiff.

20.     Plaintiff received phone calls and voice messages from Defendant on a number of occasions from the following phone number (800) 764-1320; the undersigned has confirmed that the number belongs to Defendant.

21.     In early December 2010, Defendant's representative contacted Plaintiff and informed him that he owed an alleged debt in the amount of $8,000.00.

22.     Defendant's representative went on to state that if the alleged debt was not paid Defendant would damage Plaintiff's credit and Defendant would obtain a judgment against him.

23.     Defendant made these statements intending to harm Plaintiff and secure payment of the debt.

24.    Plaintiff, fearing this debt would harm his credit and Defendant would obtain a judgment against him, made arrangements with Defendant to pay an initial down payment of $250.00, followed by $100.00 per month for six (6) months toward the alleged debt.

25.    On January 10, 2011, Defendant sent Plaintiff a letter informing him that his postdated payment of $100.00 would be deposited on January 18, 2011. A true and correct copy of the January 10, 2011 letter is attached hereto as Exhibit "A".

26.    When Plaintiff received the January 10, 2011 letter he learned that the alleged debt in question had been purchased by LVNV Funding and was older then six (6) years.

27.    Upon information and belief, the last time that Plaintiff had made payment on the credit card was over seven (7) years ago.

28.    The statute of limitations for open credit accounts in the State of New York is six (6) years. *See N.Y. Civ. Prac. L. & R. §213(1).*

29.    Defendant does not file suit on time-barred debt.

30.    Defendant threatened to file suit against Plaintiff without intention to do so.

31.    Defendant did not intend to take legal action.

32.    Further, within five (5) days of its initial communication with Plaintiff, Defendant failed to send Plaintiff written correspondence advising him of his rights to dispute the debt and/or request verification of the alleged debt.

33.    Had Defendant provided an appropriate communication in accordance with 15 U.S.C. §1692g, Plaintiff would have been alerted of his right to validate and question the amount claimed and the legal obligation to do so.

34.    Defendant's actions in attempting to collect the alleged debt were made with the intent to harass, abuse, annoy, and deceive Plaintiff into making payment.

- 5 -

35.    Defendant intentionally engaged in this course of conduct stated above, to intimidate, mislead, cajole and confuse Plaintiff into believing that the lesser cost to him was to pay an out-of-statute debt, than to challenge Defendant in any way.

## CONSTRUCTION OF APPLICABLE LAW

36.    The FDCPA is a strict liability statute. Taylor v. Perrin, Landry, deLaunay & Durand, 103 F.3d 1232 (5th Cir. 1997). "Because the Act imposes strict liability, a consumer need not show intentional conduct by the debt collector to be entitled to damages." Russell v. Equifax A.R.S., 74 F. 3d 30 (2d Cir. 1996); see also Gearing v. Check Brokerage Corp., 233 F.3d 469 (7th Cir. 2000) (holding unintentional misrepresentation of debt collector's legal status violated FDCPA); Clomon v. Jackson, 988 F. 2d 1314 (2d Cir. 1993).

37.    The FDCPA is a remedial statute, and therefore must be construed liberally in favor of the debtor. Sprinkle v. SB&C Ltd., 472 F. Supp. 2d 1235 (W.D. Wash. 2006). The remedial nature of the FDCPA requires that courts interpret it liberally. Clark v. Capital Credit & Collection Services, Inc., 460 F. 3d 1162 (9th Cir. 2006). "Because the FDCPA, like the Truth in Lending Act (TILA) 15 U.S.C §1601 et seq., is a remedial statute, it should be construed liberally in favor of the consumer." Johnson v. Riddle, 305 F. 3d 1107 (10th Cir. 2002).

38.    The FDCPA is to be interpreted in accordance with the "least sophisticated" consumer standard. See Jeter v. Credit Bureau, Inc., 760 F.2d 1168 (11th Cir. 1985); Graziano v. Harrison, 950 F. 2d 107 (3rd Cir. 1991); Swanson v. Southern Oregon Credit Service, Inc., 869 F.2d 1222 (9th Cir. 1988). The FDCPA was not "made for the protection of experts, but for the public - that vast multitude which includes the ignorant, the unthinking, and the credulous,

and the fact that a false statement may be obviously false to those who are trained and experienced does not change its character, nor take away its power to deceive others less experienced." Id.  The least sophisticated consumer standard serves a dual purpose in that it ensures protection of all consumers, even naive and trusting, against deceptive collection practices, and protects collectors against liability for bizarre or idiosyncratic interpretations of collection notices. Clomon, 988 F. 2d at 1318.

## COUNT I
## DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT

39.     In its actions to collect a disputed debt, Defendant violated the FDCPA in one or more of the following ways:

    a.  Defendant violated of the FDCPA generally;

    b.  Defendant violated §1692d of the FDCPA by harassing Plaintiff in connection with the collection of an alleged debt;

    c.  Defendant violated §1692d(5) of the FDCPA, when it caused the Plaintiff's telephone to ring repeatedly or continuously with the intent to harass, annoy or abuse Plaintiff;

    d.  Defendant violated §1692e of the FDCPA by using false, deceptive, or misleading representations or means in connection with the collection of a debt;

    e.  Defendant violated §1692e of the FDCPA by threatening to take action that it could not take and/or did not have the intent to take;

    f.  Defendant violated § 1692e(10) of the FDCPA by using false representations

PLAINTIFF'S COMPLAINT

or deceptive means to collect or attempt to collect a debt;

    g.   Defendant violated §1692f of the FDCPA by using unfair and unconscionable means with Plaintiff to collect or attempt to collect a debt;

    h.   Defendant violated § 1692g of the FDCPA by failing to send written notification, within five (5) days after its initial communication with Plaintiff, advising Plaintiff of her rights to dispute the debt or request verification of the debt; and

    i.   Defendant acted in an otherwise deceptive, unfair and unconscionable manner and failed to comply with the FDCPA.

WHEREFORE, Plaintiff, PAUL AIOLA, respectfully prays for a judgment as follows:

    a.   All actual compensatory damages suffered pursuant to 15 U.S.C. § 1692k(a)(1);

    b.   Statutory damages of $1,000.00 for the violation of the FDCPA pursuant to 15 U.S.C. § 1692k(a)(2)(A);

    c.   All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff pursuant to 15 U.S.C. § 1693k(a)(3);

    e.   Any other relief deemed appropriate by this Honorable Court.

## **DEMAND FOR JURY TRIAL**

PLEASE TAKE NOTICE that Plaintiff, PAUL AIOLA, demands a jury trial in this case.

RESPECTFULLY SUBMITTED,

- 8 -

PLAINTIFF'S COMPLAINT

DATED: 07/25/11                    KIMMEL & SILVERMAN, P.C.

                                   By: _____
                                        Craig Thor Kimmel
                                        Attorney ID # 2790038
                                        Attorney for Plaintiff
                                        Kimmel & Silverman, P.C.
                                        30 E. Butler Pike
                                        Ambler, PA 19002
                                        Phone: (215) 540-8888
                                        Fax: 877-788-2864
                                        Email: kimmel@creditlaw.com

- 9 -

PLAINTIFF'S COMPLAINT



RESG493795

PO Box 1299
Haverhill MA 01831
RETURN SERVICE REQUESTED

**Nelson, Watson & Associates, LLC**
80 Merrimack Street Lower Level
Haverhill, MA 01830
Phone: 800-764-1320 · Fax (978) 469-9046
www.nelsonwatson.com

January 10, 2011

Current Creditor: LVNV FUNDING LLC
Acct#:
Total Balance: $7806.88

RESG493795 - A1220 - 4468
Paul Aiola

Nelson, Watson & Associates, LLC
PO Box 1299
Haverhill MA 01831-1799

---

*** Detach Upper Portion And Return With Payment ***

4468-ACNWAA10-6/16/10

| | | | |
|---|---|---|---|
| Current Creditor: | LVNV FUNDING LLC | Principal: | $7806.88 |
| Original Creditor: | CITIBANK | Total Balance: | $7806.88 |
| Acct No: | | Payment Amount: | $100.00 |

This is to inform you that your postdated payment will be deposited on JAN 18, 2011.

Sincerely,
Consumer Services Department

**This communication is from a debt collector. This is an attempt to collect a debt. All information will be used for that purpose.**

Please call Monday or Wednesday 8:30am to 9pm EST, Tuesday, Thursday or Friday 8:30am to 5pm EST, or Saturday 9am to 1pm EST.

A $10.00 fee will be charged the writer of a check that is returned for insufficient funds.

Please Note: When you provide a check as payment, you authorize us either to use information from your check to make a one-time electronic fund transfer from your account or to process the payment as a check transaction. Funds may be withdrawn from your account as soon as the same day we receive the check and you will not receive your check back from your financial institution.

# EXHIBIT "A"

IF YOU WISH TO PAY BY CREDIT CARD, CIRCLE ONE AND FILL
IN THE INFORMATION BELOW AND RETURN THE ENTIRE
LETTER TO US.

  

$

| Account Number | Payment Amount | Expire Date | CVV |
|---|---|---|---|
| | | | |

| Card Holder Name | Signature of Card Holder |
|---|---|
| | |